UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,

    Plaintiff,

vs.

1414 BRICKELL, LLC,
YTECH – 1428 BRICKELL, LLC, and
BRADA DIMITRIOS INC d/b/a
DIMITRIOS,

    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, 1414 BRICKELL, LLC YTECH – 1428 BRICKELL, LLC, and BRADA DIMITRIOS INC d/b/a DIMITRIOS (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., and 42 U.S.C. §12131-12134 (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC").

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Broward County, Florida, and the subject Premises is located in Broward County, Florida.

**PLAINTIFF**

4. Plaintiff, AMIN LAKHANI, is currently a resident of the State of Washington, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

6. Despite the physical limitations to which he is subjected as a result of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual. Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15. Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

7. Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science. Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8. Mr. Lakhani's family has a vacation home in Florida (the "Condo") where he stays frequently. That vacation home is in proximity to the Restaurant—so close that it would be considered walking distance for able-bodied persons.

9. The Condo is conveniently located near the Subject Premises, Mr. Lakhani avers with all certainty that he will frequently return as a guest to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

10. Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public by this facility. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the subject property.

11. Mr. Lakhani has visited the Subject Premises, which forms the basis of this lawsuit and plans to return to avail him of the goods and services offered to the public at the property, and to determine whether the property has been remedied to be ADA compliant.

12. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the facility including, but not limited to, those set forth in the Complaint.

13. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

14. In this instance, Plaintiff, in his individual capacity, has visited the Subject Property, encountered barriers to access at the Subject Premises, was compelled to engage those

barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

15. Because, *inter alia,* this facility was designed, constructed, and received its Certificate of Occupancy well after the January 26, 1993 effective date of the ADA, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

## DEFENDANTS

16. Defendant, 1414 BRICKELL, LLC, is a Limited Liability Company which is authorized to and does transact business in the State of Florida and within this judicial district.

17. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, 1414 BRICKELL, LLC, is the owner of the real property located on or about 1414 Brickell Ave., Miami, FL 33131 (hereinafter the "Restaurant"). This is the building where the restaurant is located.

18. Defendant, YTECH – 1428 BRICKELL, LLC, is a Limited Liability Company which is authorized to and does transact business in the State of Florida and within this judicial district.

19. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, YTECH – 1428 BRICKELL, LLC is the owner of the real property located on or about 1428 Brickell Ave., Miami, FL 33131 (hereinafter the "Parking Lot"). This is the adjacent property used as a parking lot which serves patrons of the Restaurant.

20. Defendant, BRADA DIMITRIOS INC, is a Florida Corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

21. Pursuant to the Miami-Dade Tax Collector's Office and the Florida Department of Business and Professional Regulation, the Defendant, BRADA DIMITRIOS INC, is licensed to provide Permanent Food Service and Seating and occupies 1416 Brickell Ave., Miami, Florida 33131 (part of the building located at 1414 Brickell Ave., Miami, FL 33131) as a restaurant. Defendant, BRADA DIMITRIOS INC, is also the owner of the fictitious name "DIMITRIOS" under this the Restaurant is doing business.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA (hereinafter "STANDARDS"). Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

23. Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902.

24. Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standard § 902, 904, 305 and 306.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

25. The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

26. Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

27. Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the facility.

28. Plaintiff alleges that Defendants uniformly approved the use of these unlawful design modules/schemes at their facility's bar counters intentionally disregarding the accessibility requirements of the ADA.

29. Plaintiff alleges that Defendants approved and utilized these inaccessible modular structures to ensure uniformity of design, feel and functionality at its location which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

30. Plaintiff further alleges that Defendants' in-house design committee approved the use of the inaccessible common design of the seating with deliberate and indifference to, and disregard for, Plaintiff and those similarly situated.

31. Plaintiff further alleges that Defendants' in-house design committees uniformly created a policy of using inaccessible tables and bars throughout this facility, thereby further serving to isolate Plaintiff, both physically and emotionally, and denying them the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

32. As a result, and for additional reasons set forth herein, it cannot reasonably be denied that the Defendant has intentionally discriminated against these Plaintiff and all those similarly situated.

33. The egregiousness of Defendants' offending conduct, including the existence of discriminatory policies and procedures, combined with denying access to individuals with disabilities such as the Plaintiff and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their discriminatory ways, including re-implementing discriminatory policies and procedures.

34. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is structurally practicable. 42 U.S.C. §12183(a)(1).

35. The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

36. In these instances, in June of 2021, Mr. Lakhani visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

37. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

**38.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

**39.** Mr. Lakhani has attempted to and have, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

**40.** Mr. Lakhani intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

**41.** Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

42. Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of their disabilities) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

### INDOOR SERVICE AND DISPLAY COUNTER

i) There is no accessible seating or standing spaces at either of the two service and food display counters inside the restaurant.

### ACCESSIBLE ROUTE TO THE MAIN ENTRANCE LEVEL FROM BRICKELL AVENUE

ii) There is no accessible route to the main entrance level indoor/outdoor dining from Brickell Avenue due to a series of steps.

iii) There is no signage advising at the steps indicating the location of the accessible route(s) to any location within the facility.

iv) Briefly, Mr. Lakhani arrived at the main entrance on Brickell Avenue. Because of the stairs leading to the main entrance from the street level, and no signage, he was compelled to traverse north to the corner of SE 14th St. and Brickell Avenue, then wheel approximately half a block west on SE 14th St. until he found the outside patio entrance to Novecento (a restaurant which sits alongside Dimitrios and shares the same level patio) he was then compelled to double back along this "Novencento Route" (only accessible from SE 14th St.) heading back west to Brickell Avenue, and then south along the patio level towards the entrance to Dimitrios. However, the path on the patio between Dimitrios and Novecento was blocked with seating, tables, and other items, which Mr. Lakhani compelled be moved and which they were after embarrassing and demeaning moments.

**ACCESSIBLE ROUTE FROM THE MAIN ENTRANCE TO THE UPPER PERFORMANCE AND PARKING LEVEL**

v) There is no accessible route from the main entrance level to the upper level where dining, performances, and the parking lot are located due to a set of stairs.

vi) There is no signage at the stairs indicating the location of the accessible route to this dining/performance/parking level from the Main Entrance Level.

**ACCESSIBLE ROUTE FROM BRICKELL AVENUE TO UPPER PERFORMANCE AND PARKING LEVEL.**

vii) There is no accessible route from Brickell Avenue to the upper dining/performance/parking level due to a set of stairs.

viii) There is no signage at the stairs indicating the location of the accessible route to this dining/performance/parking level from Brickell Avenue.

**ACCESSIBLE PARKING AND ACCESSIBLE ROUTE FROM THE PARKING LOT TO THE ADJOINING "UPPER DINING/PERFORMANCE/PARKING-LOT LEVEL"**

ix) There is no designated accessible parking space provided in the parking lot. [NOTE: the parking-lot resides on the uppermost level from the street and is accessible only by auto from Brickell Avenue; the car ramp leading to this area is not meant for pedestrian traffic].

x) There is no accessible route from the parking lot to the adjoining dining/performance/parking-lot level due to an excessive change in level where the parking-lot surface meets the entrance to the upper dining/parking/performance level.

**43.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

**44.** Mr. Lakhani attempted to gain access to the facility, but because of their disabilities has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

**45.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

**46.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

**47.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**48.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

| | |
|---|---|
| s/ Glenn R. Goldstein | s/ Lauren N. Wassenberg |
| Glenn R. Goldstein, Esq. (55873) | Lauren N. Wassenberg, Esq. (34083) |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| Glenn R. Goldstein & Assoc., PLLC | Lauren N. Wassenberg & Assoc., P.A. |
| 8101 Biscayne Blvd, Ste. 504 | 1825 NW Corporate Blvd., Ste. 110 |
| Miami, Florida 33138 | Boca Raton, Florida 33431 |
| (305) 900-2373 | (561) 571-0646 |
| GGoldstein@G2Legal.net | WassenbergL@gmail.com |